United States Courts
Southern District of Texas
FILED

SEP 2 0 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HSU | § | |
| Movant | § | |
| | § | |
| V. | § | Case No. 4:18CR000721-002 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

PRO SE MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C.§ 2255

COMES NOW, MICHAEL HSU, Movant Pro se, in the above styled and

numbered caused in support of the Motion to Vacate pursuant to

28 U.S.C.§ 2255 and would show the Court the following facts,

circumstances, and point of law:

I. Introduction

Mr. Hsu asks this Honorable Court to Vacate his conviction and

sentence on the basis that his guilty plea was the result of gross

misadvice, constituting ineffective assistance of counsel. Counsel

misadvised Mr. Hsu as to the consequences of his guilty plea and that

1.

the Presentence Investigation Reprort could change the outcome of

his sentence after he plea guilty. Counsel did not go over the PSI

with Mr. Hsu nor did he allow Mr.Hsu to review the PSI within timely

fashion. Mr. Hsu only seen the PSI one day before sentencing and at

that time Counsel did not go over the PSI with him. Counsel failed

to investigate the case to familiarize himself with the fact of the

case in order to prepare for sentencing. This is true because the

Government made a misstatement of fact at sentencing about Mr.Hsu paid

$3.000 to Justin Kees to introduce some one to Mr. Hsu to do future

drug transactions in order to establish that Mr. Hsu would qualify for

leadership role. Counsel failed to object to that misstatement of

fact. The record clearly states that the Government's investigator

paid the CS $3,000 to pay Justin Kees to introduce him to Mr. Hsu to

discuss future drug transactions. Mr. Hsu was prejudice by Counsel

failure to object to the Government misstatement of fact resulted

in the Court granting the leadership role and moreover, the leadership

role affected Mr. Hsu safety value qualification..Based on Counsel's

representation and pre plea advice whether to plea guilty or not was
erroneous resulting in Mr.Hsu entering a Plea of guilty unknowingly,
involuntarily. The conviction and sentence should be vacated and
Mr.Hsu returned to the pre-plea stage of proceedings in the case.

2.

## II. JURISDICTION

Pursuant to 28 U.S.C.§2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,... or is otherwise subject to collateral collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Hsu so moves this Court on grounds that his sentence was imposed and his conviction obtained as a result of proceedings wherein he was denied the effective assistance of counsel.

## III. REVIEW STANDARDS

A motion for relief under Section 2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of

fact and conclusions of law with respect thereto." Similarly, the

Rules dictate that, upon initial consideration by the assigned

District Judge, a §2255 motion should be dismissed only "if it

**plainly** appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled

to relief". In all other cases, "the judge must order the United

States attorney to file an answer, motion, or other response with-

in a fixed time, or to take action the judge may order". The Rules

authorize, where appropriate and by order of the Court, discovery

proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4,

the ultimate legal standard for motions brought pursuant to §2255 is

prescribed by statute:

> If the court finds that...the sentence imposed was
> not authorized by law or otherwise open to collateral
> attack, or that there has been such a denial or
> infringment of the constitutional rights of the
> prisoner as to render the judgment vulnerable to
> collateral attack, the court shall vacate and set the
> judgment aside and shall discharge the prisoner or
> resentence him or grant him a new trial or correct
> the sentence as may appear appropriate.

## IV. GROUND FOR RELIEF

A. GROUND ONE:

Mr. Hsu's Plea was not knowingly, Voluntarily and Intelligently Entered as Result of Ineffective Assistance of counsel.

1. Counsel's erroneously Pre-Plea Advice to Plea Guilty and Plea Agreement that contained a Waiver of Appeal.

2. Counsel failure to discuss the PSR with Mr. Hsu prior to sentencing.

3. Counsel failure to Investigate the Instant case.

4. Counsel failure to advise Mr. Hsu that the PSR could apply sentencing Enhancements that would raise his sentencing guideline range.

5. Counsel failed to object to the Government mis-statement of fact at sentencing.

6. Counsel failed to file a motion for down variance based on the sentencing disagreement policy as requested by Mr.Hsu

[1]. The Applicable Standard

In Hill V. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985), the Supreme Court held that the two-part   set forth in Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, Mr. Hsu must show that Counsel's actions fell below an objective standard of reasonableness and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668 S.Ct. 2052, 80 L.Ed 2d 674 (1984); Martin v. Cain, 246 F.3d 471, 477 (5th Cir. 2001).

In context of this claim, the prejudice showing require that Mr.Hsu "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead he would have insisted on going to trial. Hill, 474 U.S. at 59 (1985). The Supreme Court recently clarified that this requirement is not contingent on the defendant having a reasonable defense, or

of acquittal, because the error which is being remedied is the denial

of the entire judicial proceedings... to which he had a right. Lee V.

United States, 137 S.Ct. 1958, 1965 (2017).

[2]. Deficient Performance

Counsel was deficient for failing to investigate the instant case.

The record will reflect that counsel's actions at sentencing, he was

not aware of the contents of the PSR or the investigation based on

the Government's arguement at sentencing when it stated that Mr.Hsu

paid Justin Kees $3,000 to interduce some one to him to start drug

transactions. This was in order to seal the leadership role to show

the Court that Mr.Hsu has others working for him. The record ˙ clearly

states that the Government's investigator arranged the $3,000 to be

paid to Justin Kees tc introduce him to Mr. Hsu in order to purchase

drugs. Counsel's failure to set the record straight was based on he

was not familiar with the investigation or the instant case.

Mr. Hsu Plea was nct knowingly,voluntarily and intelligently

entered as a result of ineffective assistance of counsel. Mr. Hsu,

a particularly vulnerable defendant, to accept the United States

plea offer base on ccunsel's erroneous factual and legal understanding

6.

of his options, fell below the minimum level of competence, required

of an attorney representing a criminal defendant, and was profession-

ally unreasonable.

Controlling precedent mandates that, where the issue is whether to

plea guilty or not, "the attorney has a duty to advise the defendant

of the available option and possible consequences" resulting from the

decision. Beckham v. Wainwright, 639 F.2d 262, 267(5th Cir. 1980).

Here, Mr.Hsu was deprived of such truthful and accurate advice and

pleaded guilty based on a fundamental misunderstanding of his sentence

exposure under the offer, resulting from the lack of truthful and

accurate advice from counsel.

"[F]amiliarity with the structure and basic content of the

guidelines...has become a necessity for counsel who seek to give

effective representation." United States V. Soto, 132 F.3d 56,59

(D.C.Cir. 1997)(citations and internal quotations omitted). " A

situation in which a defendant is induced by deception, an unful-

fillable promise, or misrepresentation to enter a plea of guilty does

not meet the standard for voluntariness articulated by the Supreme

Court. Such renders a plea involuntary." United States V. Amaya,
111 F.3d 386, 389 (5th Cir. 1997).

"Whether lawyers get the Guidelines wrong by misinterpreting the

implications of a particular provision...such a drastic misstep

clearly satisfies Strickland's first test: They amount to errors'so

serious that counsel was not functions as the 'counsel' guaranteed by

the Sixth Amendment." Soto, 132 F.3d at 59. Further, "counsel's failure

to understand the basic mechanics of the sentencing guidelines and,

in particular, failure to advise [the defendant] regarding the  impact...

amounted to constitutionally deficient performance under Strickland."

United States V. Washington, 619 F.3d 1252, 1253(10th Cir. 2011).

And, "[a]n attorney who underestimates his client's potential sentencing

exposure...performs deficiently because he does not provide his client

with the information needed to make an informed decision about accepting

a plea offer or going to trial."

[3].Prejudice

Absent counsel's misadvise, there is a reasonable probability

that Mr. Hsu would have persisted in his plea of not guilty and in the

proceeded to exercise his right to a trial by jury. Mr. Hsu only

pleaded guilty as a result of counsel's misadvice which convinced

to accept the plea agreement. Mr. Hsu did not know that the waiver would bar him from appealing the enhancements if the Court disagrees with counsel's arguments. Counsel failed to explain this portion of the waiver of the right to appeal. Counsel further stated that he is only getting paid $10,000, he gets $100,000 for cases like this. Therefore, Counsel denied Mr.Hsu representation to the best of his ability. Based on the above errors of counsel's representation Mr. Hsu was denied a fair trial.

If Counsel would have fulfilled his duty as any reasonable attorney would have the outcome would have been different because Mr. Hsu would have went to trial. Counsel did not explain relevant conduct to Mr. Hsu and how it applies to his guilty plea and sentence. Without any explaining about Mr.Hsu's case, Counsel said you should plea guilty. Mr.Hsu does not have any legal training in the legal field, therefore, he relied on his counsel for legal advice. Counsel's representation was very poor or he just disregarded Mr.Hsu best interest. Mr.Hsu is now left to this court to order an evidentiary hearing on the issues raise out side of the record on ineffective assistance of counsel.

to accept the plea agreement. Mr. Hsu did not know that the waiver

would bar him from appealing the enhancements if the Court disagrees

with counsel's arguments. Counsel failed to explain this portion of the

waiver of the right to appeal. Counsel further stated that he is only

getting paid $10,000, he gets $100,000 for cases like this. Therefore,

Counsel denied Mr.Hsu representation to the best of his ability. Based

on the above errors of counsel's representation Mr. Hsu was denied a

fair trial.

If Counsel would have fulfilled his duty as any reasonable attorney

would have the outcome would have been different because Mr. Hsu would

have went to trial. Counsel did not explain relevant conduct to Mr. Hsu

and how it applies to his guilty plea and sentence. Without any explain-

ing about Mr.Hsu's case, Counsel said you should plea guilty. Mr.Hsu

does not have any legal training in the legal field, therefore, he

relied on his counsel for legal advice. Counsel's representation was

very poor or he just disregarded Mr.Hsu best interest. Mr.Hsu is now

left to this court to order an evidentiary hearing on the issues raise

out side of the record on ineffective assistance of counsel.

SENTENCE DISPARITY

Mr. Hsu was sentenced to 222 months in federal prison for actual/ice Methamphetamine. The sentencing disparity in methamphetamine actual/ice and methamphetamine mixture. If Mr. Hsu would have been sentenced for methamphetamine mixture he would have received a sentence of 152 months. There is a sentencing policy disagreement with methamphetamine has become an issue with other courts including Texas court. Mr. Hsu asks this Court to reconsider his sentence based on the following;

> This is a quote from District Judge Terry R. Means
> wrote in United States V. Flores, No 4:1 5-CR-034
> (Aug. 27, 2015):

I intent to count meth and meth actual the same, because you're talking about the same exact ingredient. All of the methamphetamine being taken now is 90 something percent or 80 something percent. **There is no real rational basis for the differentiation any more.** So it will be my habit... to conclude that this differentiation is just irrational or more than the crack and power cocaine differentiation we had for years.

The conclusion from United States V. Harry 313 F.Supp. 3d 369;2018 U.S. Dist. LEXIS 94853; This is a qoute from Judge, Leonard T. Strand, Chief Judge's conclusion:

Because I have a policy disagreement with actual (and Ice) methamphetamine Guiuelines, I grant **Harry's request for a down** variance on that issue, concluding that a sentence within the guidelines range of 360 months to life would be greater than necessary to comply with the sentencing purpose set forth in 18 U.S.C. § 3553(a).                    10.

Instead, and for all of the [2018 U.S. Dist. LEXIS 17]
reasons set forth above and described on the record,
   concluded Harry should be committed to the custody of
the Bureau of [313 F. Supp. 3d 976] prison for a period
of 280 months. followed by 10-year term of supervised
release.


Here is a recent introduction from United States District Judge,
B. Lynn Winmill: United States V. House case No. 1:21-cr-00208-BLW
decided February 2, 2022 U.S. LEXIS 20687:

   The united States Sentencing Guidelines were designed to
   promote the twin goals of uniformity and proportionality
   in sentencing. The task was not easy to achieve, and
   efforts have continued to identify and eliminate sources
   of unwarranted disparities in federal sentencing. I write
   here to join serveral colleagues in expressing my belief
   that the **methamphetamine Guidelines** contain one such
   unwarranted disparity.  1. Due to increases in the average
   purity of methamphetamine sold today, purity is no longer
   an accurate indicator of a defendant's culpability or role
   in a drug enterprise, and the presumptive purity assigned
   to untested drugs does not reflect market realities.
   Moreover, whether a substance was lab tested for purity
   can have an arbitrary and unwarranted effect on the sentence
   imposed. The result is a scheme undermines [2022 U.S. Dist.
   LEXIS 2] the sentencing goals laid out in 18 U.S.C. §3553(a).


Based on the above this Court should exercise its wide discretion

and reduce Mr. Hsu sentence to avoid sentence disparities between this

methamphetamine actual/ice and methamphamine mixture.

## EVIDENTIARY HEARING

Because the motion and the files and records of the case do not

conclusively show that Mr.Hsu is entitled to no relief, the court

shall...grant a prompt hearing thereon, determine the issues and make

findings of fact and conclusions of law with respect thereto. 28 U.S.C.

§ 2255(b)


## CONCLUSION

Based on the foregoing, the Court should grant Hsu § 2255 relief.

MICHAEL HSU # 78113-479
FCI Beaumont Medium
P.O.Box 26040
Beaumont,Texas 77720